KAREN P. HEWITT
United States Attorney
HAROLD W. CHUN
Assistant U.S. Attorney
California State Bar No. 239022
United States Federal Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6519

08 JUL -1 PM 1:48

BY: DEPUTY

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ESMERALDA GALLEGOS,<br>Defendant. | Criminal Case No. 08MJ1942<br>Hon. Irma E. Gonzalez<br>MOTION TO REVOKE MAGISTRATE JUDGE PORTER'S PRE-TRIAL RELEASE ORDER AND TO DETAIN DEFENDANT PENDING TRIAL |

COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Harold W. Chun, Assistant United States Attorney, and pursuant to Title 18 U.S.C. Section 3145 (a)(1), hereby requests this Court to revoke the pre-trial release order issued by United States Magistrate Judge Louisa S. Porter in this matter. Said request is supported by the attached statement of facts and memorandum of points and authorities.

///

STATEMENT OF THE CASE

Defendant ESMERALDA GALLEGOS ("Defendant") is charged in a one-count complaint with, unlawful importation of a controlled substance, in violation of Title 21, United States Code, Section 952 & 960.

On June 23, 2008, Defendant was arrested at the San Ysidro Port of Entry, California, when inspection of her vehicle revealed 20.85 kilograms (45.97 pounds)of methamphetamine concealed in a non-factory compartment.

On June 24, 2008, Defendant made her initial appearance, in accordance with Federal Rules of Criminal Procedure 5, in the Southern District of California before Magistrate Judge Louisa S. Porter. At this hearing, the United States moved for Defendant's detention as a risk of flight.

II

STATEMENT OF FACTS

At the detention hearing on June 27, 2008, the United States began by acknowledging that there was a presumption of detention based on the maximum penalty of life imprisonment that Defendant faces. In support of detention, the Government argued that due to the large quantity of drugs involved, the seriousness of the charges, Defendant's past history of failure to appears, and the substantial term of incarceration Defendant faces, that Defendant was a risk of flight. Additionally, the Government requested that if the Court chose not to detain the Defendant, then that bail be set with a one-million dollar bond secured by real property.

In her defense, Defendant argued that due to her ties to the community and lack of criminal history, detention was unnecessary and that conditions of bail could be set to ensure her future appearance. In regards to conditions of bail, Defendant requested that bail be set with a one-hundred-thousand dollar bond secured by real property.

The magistrate judge denied the United States' motion to detain based on flight risk and found that the Defendant had overcome her presumption of detention. In coming to this conclusion, the magistrate judge acknowledged that Defendant was a United States Citizen, that Defendant had four children who resided in California, that her parents lived in California, and that Defendant has lived her entire life within California. The magistrate judge set bail with a one-hundred-thousand dollar bond secured by real property. The United States then requested a stay of the bond and conditions of release pending review by this Court. The magistrate judge granted a stay of forty-eight hours.

III

POINTS AND AUTHORITIES

A. Defendant Should Be Detained Pending Trial as a Flight Risk

A magistrate judge's bail rulings are subject to *de novo* review in the district court. *United States v. Koenig*, 912 F.2d 1190, 1192-3 (9th Cir. 1990). The district court has original jurisdiction over the felonies charged, and is therefore not exercising appellate jurisdiction over the magistrate judge's decision. *Id.* The Government must prove by a preponderance of

the evidence that Defendant is a flight risk and no conditions of release reasonably will assure the Defendant's appearance. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). On the Government's appeal, this Court may revoke the release order or amend the conditions of release. 18 U.S.C. Section 3145(a)(1).

Defendant faces a ten-year mandatory minimum sentence and a maximum sentence of life imprisonment. 21 U.S.C. § 960. Pursuant to 18 U.S.C. § 3142(e), Defendant faces a statutory presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required. The statutory presumption imposes a burden of production on Defendant, but the burden of persuasion remains with the Government. *See United States v. Mercedes*, 254 F. 3d 433, 435-36 (2d Cir 2001). If Defendant produces rebuttal evidence, the presumption then remains a factor to be considered in the detention analysis. *Id.* *See also United States v. Ward*, 63 Supp.2d 1203, 1209 (C.D.Cal. 1999).

In determining Defendant's flight risk, this Court should consider the nature and circumstances of the offense, the weight of the evidence, and the person's character, which includes her physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, drug or alcohol abuse, criminal history, and appearance at prior court proceedings. 18 U.S.C. § 3142(g)(1)-(3).

Here, Defendant is a 34 year-old United States citizen, charged with violating 21 U.S.C. § 952 and 960, for importing a

controlled substance into the United States. On June 23, 2008, Defendant was arrested at the San Ysidro Port of Entry, California, when inspection of her vehicle, for which she was the sole occupant, revealed 20.85 kilograms (45.97 pounds) of methamphetamine hidden in a non-factory compartment. Since 21 U.S.C. § 960 prescribes a ten-year mandatory minimum and a maximum sentence of life in prison for importation of 50 grams or more of methamphetamine, or 500 grams or more of a mixture containing detectable amounts of methamphetamine, Defendant faces a statutory presumption of detention based on 18 U.S.C. § 3142(e).

To rebut the statutory presumption, Defendant would contend that her ties to the community and lack of criminal history overcome the presumption of detention. Defendant is a native to California, and she currently resides in California. Further, Defendant's four children, parents, and sister also reside in California. In regards to Defendant's criminal history, a current criminal history check shows that Defendant has prior arrests and misdemeanor convictions, however, Defendant has no felony convictions.

Despite Defendant's lack of felony convictions and ties to the local community, the United States is concerned Defendant is a risk of flight.

First, Defendant faces a lengthy term of imprisonment. Although Defendant may be eligible for the benefits of safety valve, United States Sentencing Guidelines § 5C1.2(a), the Government currently estimates that the most favorable circumstances to Defendant still result in a Guidelines range of

70 - 87 months.[1] While this range is below the ten-year mandatory minimum, it is undoubtedly a substantial term of imprisonment that increases the likelihood of flight.

Additionally, the gravity of Defendant's crime should not be overlooked or underestimated. Defendant imported 20.85 kilograms (45.97 pounds) of methamphetamine. A mandatory minimum sentence of 10 years, with a maximum sentence of life imprisonment, begins with 50 grams of methamphetamine, or 500 grams of a mixture containing methamphetamine. 21 U.S.C. § 960. In a light most favorable to Defendant, Defendant imported approximately forty-times the threshold quantity for life imprisonment. To compare, forty-times the threshold quantity for cocaine would be 200 kilograms of cocaine, and forty-times the threshold quantity for marijuana would be 40,000 kilograms of marijuana. Further, the United States estimates that the wholesale value of 20.85 kilograms of methamphetamine is approximately $450,000 to $919,000 dollars, and the street value is estimated at approximately two-million dollars.[2]

---

[1]Based on the current known weight of methamphetamine, Defendant's base offense level would be 38. U.S.S.G § 2D1.1. With level deductions for Safety Valve (-2), Minor Role (-4), Acceptance of Responsibility (-3) and Fast Track (-2), Defendant's adjusted offense level is 27. An offense level of 27, criminal history category I, provides a Guidelines range of 70-87 months.

[2]Drug Prices were calculated on San Diego Law Enforcement Coordination Center's 2008 Street Drug Price List. Price list states a value of $10 for 1/10 gram of methamphetamine, and $10,000 - $20,000 for 1 pound of methamphetamine.

Furthermore, despite Defendant's ties to the community, it is important to note that Defendant and her children are capable of living outside the United States. While Defendant is currently separated from her husband, the Defendant was previously married for twelve years. Defendant's husband currently lives in Mexico. Defendant's children remain in contact with their father. Currently, Defendant's eleven year-old child is spending the summer in Mexico with her father. The United States is concerned that Defendant's ties to Mexico, and her children's ability to live in Mexico, make Defendant a flight risk.

Moreover, Defendant has a troubling past of failure to appears on misdemeanor convictions. In April 2007, and May 2007, Defendant was convicted twice of failing to appear on pending traffic violations. The United States is concerned that Defendant's failure to appears on lesser offenses could be a foreshadowing of future non-appearances on the current charges.

Lastly, while Defendant has no felony convictions, she does however have arrest records for crimes that were not prosecuted. On February 19, 1997, Defendant was arrested for smuggling illegal aliens into the United States at the San Ysidro Port of Entry. On January 7, 2005, Defendant was arrested for smuggling illegal aliens into the United States at the Otay Mesa Port of Entry. Although the United States refused to prosecute these occurrences, these arrests, in combination with the current charges and the past convictions for failure to appear, indicate that Defendant is willing, and has a history of, violating both court orders and the laws of the United States.

IV.

CONCLUSION

Defendant GALLEGOS poses a serious flight risk. The United States respectfully requests this Court to revoke the existing release order and detain her pending trial. If this Court finds that detention is unwarranted and conditions of release can be designed to assure Defendant's attendance in future proceedings, the United States respectfully requests that Defendant's bail be set with an increased bond of one-million dollars secured by real property.

DATED: July 1, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

HAROLD W. CHUN
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, Plaintiff,

v.

ESMERALDA GALLEGOS, Defendant.

Criminal Case No. 08-MJ-1942

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, Harold W. Chun, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing MOTION TO REVOKE RELEASE ORDER on the following parties by facsimile:

1. Todd Hilts
   2214 2nd Avenue
   San Diego, CA 92101
   Fax: 619-531-7904
   Attorney for Defendant

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on July 1, 2008.

HAROLD W. CHUN